IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BUSINESS OBJECTS, S.A., <br><br> Plaintiff, <br><br> v. <br><br> MICROSTRATEGY, INC., <br><br> Defendant. | No. C 01-03908 CRB <br><br> **ORDER** |

In their arguments during the summary judgment hearing on June 10, 2005, the parties are instructed to address only the questions listed below. With respect to questions addressed to a particular party, the opposing party is invited to comment briefly on the issue raised therein. In answering these questions, the parties shall assume that the declarations of Dr. Reddy and Dr. Keller are admissible and that all other evidentiary objections are denied.

1. The Federal Circuit ruled that Business Objects cannot assert that the accused products contain equivalents of the associating step because of prosecution history estoppel. Business Objects v. Microstrategy, 393 F.3d 1366, 1374 (Fed. Cir. 2005) The Federal Circuit also affirmed this Court's construction of "predetermined query language" as necessarily supporting "the functions and operators contained in *the associating step's* SELECT clause." Id. at 1373. Based on these two holdings, is Business Objects therefore precluded from claiming that the accused products contain equivalents to "predetermined query language"?

2. This Court has previously ruled that:

    (a) "The *function* of the query engine means is to generate queries in the predetermined query language based on a given combination of two or more selected and associated familiar names." Summary Judgment Order, 280 F.Supp. at 1004 (emphasis added).

    (b) The *structure* identified by the query engine means limitation is the query engine algorithm described in the patent. See id.; Claim Construction Order at 11-12 (citing the portions of the specification describing query engine algorithm).

Do these holdings correctly describe what function and structure should be identified with the query engine means limitation for purposes of interpreting the effect of this Court's and the Federal Circuit's rulings of no literal infringement on the present analysis regarding the Doctrine of Equivalents? See Kemko Sales, Inc. v. Control Papers Co., Inc., 208 F.3d 1352, 1364 (Fed. Cir. 2000) (setting forth the relationship between literal infringement under section 112¶6 and infringement under the Doctrine of Equivalents). Does anything in the Federal Circuit's decision alter the Court's holdings with respect to structure and function?

3. In its summary judgment order, this Court also stated that the failure of the accused product to incorporate an "associating step" that includes a SELECT clause means that "the accused device does not include the *identical* function and thus does not literally infringe." 280 F.Supp. at 1004 (emphasis in original). Therefore, this Court left open the potential that the accused products may practice an equivalent function. Did the Federal Circuit implicitly overrule or otherwise alter this specific holding by instead characterizing the associating step's use of a SELECT clause as a "structural limitation" of the query engine means limitation? See Business Objects, 393 F.3d at 1373. In other words, if 2(b) above is true, i.e. that the "structure" of the query engine means is the query engine algorithm, and the Federal Circuit held that claim 4 is not literally infringed because the query engine algorithm requires the associating step to include a SELECT clause, see id., then must it therefore be true this key limitation is an element of the structure, rather than the function, of the query engine means?

4. Applying the function-way-result test, is the "result" of the query engine means the "predetermined query language?" If so, can the Federal Circuit's opinion be characterized as finding that the result of the query engine means of the accused product is not equivalent to the patented invention under section 112¶6 because a requirement of the concept of "predetermined query language" is the association of a select clause with a familiar name? See Business Objects, 393 F.3d at 1363; see also Kemko Sales, 208 F.3d at 1364 (stating that if a structure fails literal infringement under 112¶6, it must also fail the doctrine of equivalents test for the same reason).

5. Is Business Objects correct in claiming that Microstrategy's asserted differences between the accused products and the patented system are insubstantial because they are in addition to common features of the two systems? Is this rule applicable when applying the doctrine of equivalents to a method claim?

6. Why is/isn't the accused products' failure to associate a SELECT clause with a familiar name in the associating step a substantial difference?

7. [For Business Objects] Is there any evidence in the record to demonstrate that the ability of the accused products to optimize which tables, columns and rows are accessed in a query is insubstantial because real world use of the accused products rarely if ever involves an object being associated with more than one equation? See BO Opp. Brief at 18. If not, then what is the basis for disputing that this attribute of the accused software, which Business Objects apparently concedes is a difference, is an insubstantial difference?

8. Is there any dispute that the accused products do not contain a predefined list of joins? If not, then is this difference substantial?

/ / /

/ / /

3

1 | Each party shall be given a maximum of 30 minutes to answer these questions.

2 | **IT IS SO ORDERED.**

5 | Dated: June 7, 2005

/s/
CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE